UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN S. HOWARD, PATRICK S. WATSON, BLAKE WINGATE, DARREN STATON, NAVARRO JOHNSON, CHRISTIAN T. MARTINEZ, ISLIME DUVIVIER, FRANCISCO FERREIRA, JOSEPH OPPERISANO, WINSTON COWELL, ROGER SMITH, JOHN ENGLAND, CALVIN ELLIS, DARREN MACK, ALEX WILSON, MOSES SUAREZ, ONETT D. BROWN, HIRAM FELICIANO, GLENN CAMPBELL, FRANCISCO AMADOR, SHASHKOV KONSTANTIN, WILLIAM VIELMAN, RALPHIE E. HAYES, ANDRE LIVINGSTON WILLIAMS, FREDERICK ROBERSON, WAYNE SULLIVAN, RAYMOND L. EDWARDS, DEMETRIUS LOVING, MIKE HOLMES, ROBERT FLEMING, DAVID SOTO, WILLIE VEGA, TROY VALENTINE, ITTIAH MOGAI, ARTHUR STEWART, ROBERT DRAGOTI, ERNEST LANGSTON, ANTHONY WHITE, ANGEL ESPADA, ROBERT JOHNSON, REGINALD MILTON, RICHARD MARTINEZ, JR., RICHARD WEBB, KENDALL HAYES, MICHAEL STRAKER, NESTOR SANCHEZ, DAMILOLA ANIMASHAUN, ARTHUR JACK, WILLIE BOWMAN, FRANK TRIFILIO, JASON WILLIAMS, BRANAN BOSTON, JOSE VAZQUEZ, RAHEEM WATSON, JAMAL ARMSTEAD, HOWARD POWELL, GEORGE ETIENNE, RAYMOND MAXWELL, ALAN PEREZ, RASHEEN EVERETT, ANTHONY CRUZ, ANTHONY PINDER, and BENNY DAVIS,

Plaintiffs,

-v-

CITY OF NEW YORK et al.,

Defendants.

12cv4069 12cv4080 12cv4169 12cv4170 12cv4266 12cv4274 12cv4275 12cv4299 12cv4302 12cv4306 12cv4307 12cv4346 12cv4347 12cv4382 12cv4383 12cv4393 12cv4394 12cv4396 12cv4457 12cv4517 12cv4523 12cv4524 12cv4532 12cv4533 12cv4630 12cv4634 12cv4638 12cv4670 12cv4671 12cv4694 12cv4698

12cv4699 12cv4700 12cv4803 12cv4813 12cv4896 12cv4961 12cv5127 12cv5128 12cv5129 12cv5131 12cv5132 12cv5133 12cv5134 12cv5155 12cv5253 12cv5402 12cv5404 12cv5416 12cv5517 12cv5520 12cv5668 12cv5681 12cv5687 12cv5691 12cv5695 12cv5760 12cv5768 12cv5856 12cv5867 12cv5868 12cv5870 12cv5872

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 20, 2012 Report and Recommendation of Magistrate Judge James C. Francis IV, recommending that the Court dismiss plaintiffs' complaints for failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in full as to all plaintiffs.

## I. Background

The 63 *pro se* plaintiffs identified above bring similar lawsuits pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), Correction Commissioner Dora B. Schriro, Mayor Michael Bloomberg, and Dr. Jean Richards of Corizon (a correctional healthcare services provider). The plaintiffs, who are or were inmates or detainees in the custody of the New York City Department of Correction at the Anna M. Kross Center on Rikers Island ("AMKC"), allege violations of their Eighth Amendment rights and seek injunctive relief as well as compensatory and punitive damages. They allege that they have not been provided with proper beds, which has caused lower back, neck, and leg pain, as well as emotional distress. *See* Report 5 (summarizing claims).

On August 27, 2012, the City moved to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, No. 12 Civ. 4069 (PAE)(JCF), Dkt. 16–18. Only one of the 63 plaintiffs—Raheem Watson— opposed the motion to dismiss. *See* No. 12 Civ. 5687, Dkt. 13. On December 20, 2012, Judge Francis issued the Report, recommending that the City's motion to dismiss the complaints be granted because all 63 complaints failed to state a claim on which relief could be granted. *See, e.g.*, No. 12 Civ. 4069 (PAE)(JCF), Dkt. 22. The deadline for plaintiffs to file objections to the Report was January 3, 2012. None of the 63 plaintiffs filed objections. Two filed amended complaints.

## II. Discussion

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### B. Non-Objecting Plaintiffs

Because none of the 63 plaintiffs here have submitted objections to the Report, a review for clear error is appropriate. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report 25, these plaintiffs failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

The Court emphasizes that in adopting the Report, it is also adopting Judge Francis's recommendation that plaintiffs be granted permission to amend their complaints to state a claim, if the facts so permit, of an Eighth Amendment violation. *See* Report 23–24. To do so, a plaintiff must allege that "(1) he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and

(4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Id.* at 24 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002)). Plaintiffs may file, with the Pro Se Office, an amended complaint that plausibly makes out the elements of a constitutional violation.[1] Plaintiffs are advised that any such complaint, to be viable, must allege the elements of municipal liability or the personal involvement of the individual named defendant(s). The requirements to adequately plead such claims are set out in Judge Francis's Report. *See* Report 21–23.

### C. Amended Complaints

Two plaintiffs, Langston and Straker, have already filed amended complaints in response to the Report. *See* No. 12 Civ. 4961 (PAE)(JCF), Dkt. 18 ("Langston Am. Compl."); No. 12 Civ. 5155 (PAE)(JCF), Dkt. 27 ("Straker Am. Compl."). Because the Court adopts the Report and because the Report allowed plaintiffs a final opportunity to amend their pleadings, the Court accepts these amended complaints for filing.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full as to all of the plaintiffs listed above except Langston and Straker. Those 61 plaintiffs' complaints are hereby DISMISSED with leave to file an amended complaint. The Clerk of Court is directed to terminate any motion to dismiss pending in the cases listed above, and to close all of the cases

[1] The Court notes that in 13 of these cases—case numbers 12 Civ. 4457, 12 Civ. 4532, 12 Civ. 4638, 12 Civ. 4700, 12 Civ. 4961, 12 Civ. 5127, 12 Civ. 5129, 12 Civ. 5404, 12 Civ. 5668, 12 Civ. 5681, 12 Civ. 5687, 12 Civ. 5691, and 12 Civ. 5872—there is no record on ECF of whether the Report was, in fact, mailed to the plaintiff. The Court therefore is constrained to assume that such a mailing did not occur. Because all 63 plaintiffs have the opportunity to amend their complaint in response to this Opinion so as to properly allege a constitutional claim, these 13 plaintiffs were not prejudiced by lack of notice of the Report.

except Nos. 12 Civ. 4961 and 12 Civ. 5155. The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

The Court accepts for filing Langston and Straker's amended complaints. The City's motion to dismiss— No. 12 Civ. 4961 (PAE)(JCF), Dkt. 19; No. 12 Civ. 5155 (PAE)(JCF), Dkt. 24— is denied as moot. Defendants are directed to respond to the two amended complaint.

Finally, the Clerk of Court is respectfully directed to serve this Opinion and Order on each of the plaintiffs named in the caption at his address of record.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 11, 2013
New York, New York